**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | |
| ) | |
| Petitioner, ) | No. MC 06-00123-PHX RCB |
| ) | |
| vs. ) | O R D E R |
| ) | |
| William R. Fitzpatrick, Jr., ) | |
| ) | |
| Respondent. ) | |

### *Introduction*

This IRS summons enforcement matter arises out of an investigation which the IRS is currently conducting as to a "Closing Agreement of Final Determination Covering Specific Matters" ("Form 906") which respondent William R. Fitzpatrick, Jr. and the Internal Revenue Service ("IRS") entered into on September 30, 2004.  The current investigation, as the IRS Revenue Agent describes it, is "limited" and concerns "possible misrepresentations and fraud related to th[at] closing agreement." Doc. 1, exh. A thereto at 2, ¶ 3.

. . .

### *Background*

Following the return of an Order to Show Cause, on April 2, 2007, this court entered an order enforcing the IRS summons (doc. 14). Respondent has until this Thursday, May 10, 2007, by which to comply with that enforcement order. Id. at 2.

On April 27, 2007, respondent filed the present "Motion for Modification of Order, or, in the Alternative, Stay of Order and Request for Expedited Ruling" with respect to that enforcement order (doc. 15). Petitioner filed its opposition to this motion on May 3, 2007 (doc. 17), and the respondent's reply (doc. 18) was filed on May 4, 2007. The court then ordered a hearing to be conducted on May 7, 2007. (doc. 19).

After reviewing all of the parties' submissions and considering the arguments of counsel, the court rules as follows.

### *Discussion*

### *I. Modification*

Respondent is seeking to have this court direct the IRS "to provide him with a description of documents and/or testimony necessary to pursue its limited investigation into possible misrepresentations, malfeasance or fraud related to . . . Form 906[,]" because he does not know what documents the IRS "deems necessary" to that investigation. Doc. 15 at 2, ¶ 6. Respondent is also seeking additional time in which to respond to the court's enforcement order.

The IRS does not address respondent's argument that he cannot comply with the summons because he does not know what documents and testimony the IRS "deem[s] necessary . . . for the purpose of pursing its limited investigation[.]" See Doc. 14 at 1-2.

-2-

1  Instead, the IRS focuses on the content of the summons itself,
2  noting that it "contains a clear description of what information
3  respondent must provide to comply [there]with[.]" Doc. 17 at 3.  In
4  particular, the IRS points out that in the section entitled
5  "Documents To Be Produced" the summons expressly requires the
6  production of "'all documents and records used in or created for or
7  during the period of [Respondent's] federal income tax. . . '
8  return for 2001."  Id. (quoting exh. A (summons)).  Likewise, in
9  that same section, the IRS further points out that the summons
10 "requires respondent to produce 'all documents and records
11 circulated [among] and between Taxpayer and/or associates and
12 Chenery' in 2001." Id. (quoting exh. A (summons)).  The IRS claims
13 it has no knowledge of what such documents would be and that
14 knowledge lies with the respondent.

15     In his reply, respondent contends that the "scope" of what he
16 should have to produce "should be limited to correspondence and
17 communications exchanged between [he] and [the IRS] agent
18 concerning the content of the Form 906."  Doc. 18 at 3, ¶ II (A).
19 In the court's view, limiting enforcement in this way would render
20 the summons practically useless.  That is so because most likely
21 respondent would be producing documents already in the IRS'
22 possession.

23     Respondent further contends that "[t]he scope of discovery
24 should not now be expanded to include 'all documents and records
25 used in or created for or during the preparation of  . . . [[his]
26 2001] federal income tax [return] . . . [and] all documents and
27 records circulated among and between [him] and/or associates and
28 Chenery [in 2001].'"  Id. at 3, ¶ II(B) (quoting IRS Response (doc.

-3-

17) at 2).  The flaw with this argument is that production of these documents is *not* an expansion of the IRS summons.  Nor is it an expansion of the enforcement order.  Production of this sort is completely consistent with the summons which requires production of, among other things, "[a]ll documents and records circulated among and between Taxpayer an/or associates and Chenery, during the period 12/01/2000 through 12/31/1004[.]" Resp., exh. A thereto (doc. 17-2) at 5.

In fact, this court's order expressly states "that respondent may comply by providing the testimony, and all documents and records as identified more specifically in the Summons, . . . regarding [his] federal income tax liabilities . . . for the tax period ending December 31, 2001." Doc. 15 at 2.  Thus, if respondent provides that documentation, he will be in compliance with the court's enforcement order.  It will then be up to the IRS to decide which of those documents are relevant to its current, "limited" investigation.

The bottom line is that there is no basis for Respondent's motion for modification.  If he complies with the summons, presumably he will be producing the documents, which the IRS "deems necessary" to its limited investigation of fraud, etc. with respect to the Form 906 Closing Agreement.  If that production does not satisfy the IRS, the burden will then be on the IRS to take whatever steps it deems necessary to further this investigation. In light of the foregoing, the court denies respondent's motion for modification of its enforcement order.

### II. *Stay*

Because the court is denying respondent's motion for

modification, it is necessary to consider his alternative motion for a stay pending the outcome of an appeal to the Ninth Circuit of this court's enforcement order.  In seeking a stay, respondent first correctly notes that "a district court order enforcing an IRS summons is an appealable final order."  See Church of Scientology of California v. U.S., 506 U.S. 9, 18 n. 11, 113 S.Ct. 447, 452 n. 11 (1992) (citation omitted).  "In determining whether to stay enforcement of an IRS summons, the court should consider: (1) whether irreparable harm will result unless a stay is granted; (2) the likelihood that appellant will prevail on the merits; (3) the extent to which harm to other interested persons may result; and (4) the public interest."  Simmons v. U.S., 1995 WL 149353, at *3 (E.D. Cal. March 6, 1995) (internal quotation marks and citations omitted).

    Respondent addresses only the irreparable harm factor.  Absent a stay, respondent contends that irreparable harm will result because "'the United States will have received the sought-after information prior to a determination on appeal.'" Doc. 15 at 3, ¶ 13 (quoting Moutevelis v. United States, 564 F.Supp. 1554, 1556 (M.D.Pa. 1983), aff'd on other grounds, 727 F.2d 313 (3rd Cir. 1984)).  Although not part of the analysis, Respondent adds that no harm will result from a stay.  Additionally, according to Respondent, "[t]he issue presented in this case appears to be one of first impression in this Circuit: whether an IRS summons is issued for a relevant purpose under Powell v. U.S., when its

enforcement may be precluded by 26 U.S.C. § 7121(b).[1]"  Id. at 3, ¶ 14 (citation omitted) (footnote added).

    The IRS counters that the court should not grant a stay here because respondent has shown neither irreparable harm nor a likelihood that he will prevail on appeal.  As to irreparable harm, relying upon Church of Scientology, 506 U.S. 9 (1992), the IRS contends that none would result because if the Ninth Circuit reverses or modifies this court's enforcement order, "a court could order that the IRS' copies of the tapes [or documents] be either returned or destroyed."  Id. at 15, 113 S.Ct. at 451.  Furthermore, the IRS contends that respondent's argument that the Ninth Circuit has not yet ruled on an issue does not establish the necessary showing of a likelihood of success on appeal.  This is especially so, the IRS argues, given respondent's failure to cite to any legal authority to support this argument.

    Respondent replies that irreparable harm "will definitely result" because "[a]nything but a limited inquiry into the circumstances surrounding the formation of the Form 906 effectively nullifies its legal effect in direct contravention to [sic] the protections of 26 U.S.C. § 7121(b)."  Doc. 18 at 3. This argument ignores Revenue Ruling 72-487 which expressly provides that "[t]he right to inspect the taxpayer's books and records is *not* affected by the execution and approval of a [Form 906.]" Rev. Ru. 72-487 (emphasis added).  That Ruling further provides, "[i]t may be that the inspection of the taxpayer's books and records will not furnish

---

[1] This statute authorizes closing agreements such as the one which is the subject of this litigation.

evidence sufficient to entitle the [IRS] to set aside the closing agreement, but the execution of such agreement does *not* preclude the [IRS] from making an inspection to determine whether the case may be reopened."  Id. (emphasis added).  Compliance with the court's enforcement order is in keeping with this Revenue Ruling and, despite respondent's contrary protestations, does not have the effect of nullifying the subject Form 906.

Respondent fares no better with his argument that the court should grant a stay because this case raises an issue of first impression.  It does not.  Clearly, Revenue Ruling 72-487 allows for an inspection, including production of documents, to determine whether a closing agreement can be reopened.  Respondent has not provided any authority to support a contrary position.  Simply stating that an issue is one of "first impression" does not make it so.  In a similar vein, respondent has not shown that even if this is an "issue of first impression" that suffices to show a likelihood that he will prevail on appeal.

Moreover, on the face of it, nothing in section 7121(b) precludes enforcement of an order such as the one entered by this court on April 2, 2007.  And, in fact, Revenue Ruling 72-487 supports the issuance of such orders.

As the foregoing discussion shows, Respondent has not met his burden of showing that he is entitled to a stay of this court's enforcement order.  Accordingly,

IT IS HEREBY ORDERED that Respondent William R. Fitzpatrick Jr.'s "Motion for Modification of Order, or, in the Alternative,

. . .

-7-

Stay of Order and Request for Expedited Ruling" (doc. 15) is DENIED.

DATED this 7th day of May, 2007.

_____
Robert C. Broomfield
Senior United States District Judge

Copies to counsel of record

- 8 -